FILED
3/26/2020 4:06 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

NO. DC-20-01121-A

| | | |
|---|---|---|
| ALAN SEVADJIAN, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | |
| TEXAS DEPARTMENT OF MOTOR VEHICLES, | § § § | 14ᵀᴴ JUDICIAL DISTRICT |
| Defendant, | § § § | |
| v. | § § | |
| JOHN FRANKLIN COOLEY, JR., | § § | |
| Intervenor. | § | DALLAS COUNTY, TEXAS |

**INTERVENOR JOHN FRANKLIN COOLEY, JR.'S
ORIGINAL PETITION IN INTERVENTION AND
REQUESTS FOR DISCLOSURES**

JOHN FRANKLIN COOLEY, JR. ("Cooley" or "Intervenor"), Intervenor in the above-styled and numbered cause, files this his Original Petition in Intervention and Requests for Disclosures, complaining of Plaintiff ALAN SEVADJIAN ("Sevadjian" or "Plaintiff"), and in support thereof would show the Court as follows:

### I.
#### DISCOVERY CONTROL PLAN; RULE 47 DISCLOSURE STATEMENT

1.    Intervenor intends that this proceeding be conducted under Level 2 as set forth in TEX.R.CIV.P. 190.3.

2.    In accordance with TEX.R.CIV.P. 47, Plaintiff states that the claims asserted herein seek monetary relief of $100,000.00 or less.



## II.
### PARTIES, VENUE, AND JURISDICTION

3. Intervenor John Franklin Cooley, Jr. is an individual who resides in Biglerville, Pennsylvania.

4. Plaintiff Alan Sevadjian is an individual represented to reside in Dallas County, Texas. Sevadjian commenced and, therefore, has appeared in this suit.

5. Defendant Texas Department of Motor Vehicles ("TXDMV" or "Defendant") is a public agency of the State of Texas and has appeared and answered herein.

6. Cooley does not contest Dallas County as the proper venue for this dispute. The subject matter and amount in controversy are within jurisdictional limits of this Court.

## III.
### FACTS RELEVANT TO ALL COUNTS

7. In 1975 Cooley purchased a 1968 Chevrolet Corvette coupe bearing Vehicle Identification Number ("VIN") 194378S422741 (the "Corvette") from Whipp's Garage in Clarksburg, Maryland ("Whipp's"). At the time he originally purchased the Corvette, he resided in Clarksburg, Maryland with his then wife. Whipp's had repaired damage to the front end of the Corvett and painted it 1975 Corvette Blue, which damage and repairs Whipp's disclosed to Cooley. Whipp's transferred a clear Maryland Certificate of title to Cooley and his wife at that time.

8. During the time Cooley owned and was in possession of the Corvette, the VIN was always affixed on the windshield pillar post, reflecting the number 194378S422741, which matched the Certificate of Title that Whipp's transferred to Cooley.

9. During some time in 1979 or 1980, the Corvette was involved in a vehicle collision in Gaithersburg, Maryland, following which the Corvette could not be driven. Cooley stored the undrivable Corvette beside a barn at a farm in Derwood, Maryland with permission from the landowner.

10. During that time, Cooley obtained a divorce from his then wife, and the Corvette was transferred to him as his sole and separate property. On July 13, 1981, Maryland issued Title # 09939517 to him in his sole name.

11. After obtaining parts to repair the Corvette, in late 1981 or 1982, Cooley returned to the farm to retrieve the Corvette, but found it missing. Cooley noted heavy truck, dual-tire tracks leading from where the Corvette was stored out across a cut corn field, followed the tracks across the field and to a road, but lost the tracks there. The landowner reported that he had not moved the Corvette and did not know that it had been stolen.

12. Cooley thereafter heard nothing about the stolen Corvette until recently learning it had been located in Texas with the VIN altered.

13. Cooley is the legal owner of the Corvette and seeks to regain possession by this intervention.

14. Cooley has been required to engage counsel to represent him in his efforts to prosecute his claims herein.

## IV.
### DETERMINATION OF SUPERIOR TITLE
### TO STOLEN PROPERTY

15. Cooley incorporates by reference the foregoing Sections I through III as if fully set forth in this Section IV.

16. TEX. CODE OF CRIM. PRO. ART. 47.01a (emphasis added) provides, in relevant part, that:

(a) If a criminal action relating to allegedly stolen property is not pending, ***a district judge***, county court judge, statutory county court judge, or justice of the peace having jurisdiction as a magistrate in the county in which the property is held or in which the property was alleged to have been stolen or a municipal judge having jurisdiction as a magistrate in the municipality in which the property is being held or in which the property was alleged to have been stolen ***may hold a hearing to determine the right to possession of the property, upon the petition of an interested person***, a county, a city, or the state. Jurisdiction under this article is based solely on jurisdiction as a criminal magistrate under this code and not jurisdiction as a civil court. The court shall:

(1) order the property delivered to whoever has the superior right to possession, without conditions . . .

17. To Cooley's understanding and belief, there is no criminal action pending relating to the theft of the Corvette. Accordingly, this Court has jurisdiction under TEX. CODE OF CRIM. PRO. ART. 47.01a.

18. Cooley is the interested party with superior right to the Corvette. Accordingly, Cooley requests that this Court conduct a hearing and determine that he has the right to immediate and superior possession of the Corvette.

## V.
### DECLARATORY JUDGMENT

19. Cooley incorporates by reference the foregoing Sections I through IV as if fully set forth in this Section V.

20. Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. chap. 37, Cooley seeks a judgment of this Court declaring and adjudicating that Cooley is the rightful owner of the Corvette, with superior right to possession of same and to the exclusion of Sevadjian and all others, and the Sevadjian be ordered to immediately release possession of the Corvette to Cooley.

21. In addition, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §37.009, Cooley requests that this Court award him reasonable and necessary attorneys' fees and costs of court incurred in the preparation and prosecution of this Declaratory Judgment action.

## VI.
### REQUESTS FOR DISCLOSURES

22. Cooley requests that both Plaintiff Sevadjian and Defendant TXDMV provide within thirty (30) days after service of this Petition in Intervention the information and materials described in and required under TEX.R.CIV.P. 194.2.

WHEREFORE, Intervenor John Franklin Cooley, Jr. prays that the Court grant him the relief requested herein, including a determination that he has superior and sole possessory rights to the Corvette as requested herein, pre- and post-judgment interest on any amounts awarded herein as damages at the highest rates allowed by law, reasonable and necessary attorneys' fees, costs of court, and for such other and further relief in law or in equity for which he may show himself justly entitled.

        Respectfully submitted,

_____
Anthony A. Petrocchi
Texas Bar No. 15851700
tpetrocchi@petrocchilaw.net
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas 75287
(214) 797-2049 (office)
(214) 594-8205 (fax)

ATTORNEYS FOR INTERVENOR
JOHN FRANKLIN COOLEY, JR.

**CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing Petition in Intervention has been served upon counsel for Plaintiff, Matthew S. Hahn (mhahn@hahnlawfirm.com), Hahn Law Firm, P.C., 900 Jackson Street, Suite 180, Dallas, Texas 75202, and counsel for Defendant, Mayson Pearson (mayson.pearson@txdmv.gov), Office of General Counsel, Texas Department of Motor Vehicles, 4000 Jackson Avenue, Austin, Texas 78731, by electronic service on the 26th day of March, 2020.

_____

tp\cooley\txdmv\petition-intervention