FILED
4/8/2020 2:19 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Loaidi Grove DEPUTY

**CAUSE NO. DC-20-01121**

| | | |
|---|---|---|
| **ALAN SEVADJIAN,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **TEXAS DEPARTMENT OF** | § | |
| **MOTOR VEHICLES,** | § | |
| | § | |
| **Defendant.** | § | **14TH JUDICIAL DISTRICT** |

## PARTIALLY OPPOSED MOTION TO TRANSFER AND CONSOLIDATE

Pursuant to Texas Rules of Civil Procedure 174 and Dallas County Local Rules ("L. R.") 1.04, 1.06 and 1.07, Franck Radenne ("Radenne") submits this Motion to Transfer and Consolidate Related Cases (the "Motion"), and respectfully states as follows:

**I.**
**GROUNDS FOR MOTION**

**A. Transfer To The 14th Judicial District Court**

1.     Radenne seeks an order from this Court transferring the case entitled *Franck Radenne v. Duntov Motor Company, LLC et al.*, Cause No. DC-20-01648, pending in the 162nd Judicial District Court of Dallas County, Texas (the "Second Lawsuit") to the 14th Judicial District Court because the dispute in the first-filed, above-captioned case (the "First-Filed Lawsuit") relates to facts and issues asserted in the Second Lawsuit.

2.     On January 21, 2020, Plaintiff, Alan Sevadjian ("Alan"), filed the First-Filed Lawsuit against the Texas Department of Motor Vehicles ("Texas DMV"). The First-Filed Lawsuit seeks an order directed to the Texas DMV to change the Vehicle Identification Number ("VIN") on a car because Alan alleges a prior judicial order "incorrect[ly] assign[ed]" a VIN to a 1968 Corvette Alan claims to own (the "Alan's Corvette"). Recently, Mr. John Franklin

**EXHIBIT**
**J**

**Duntov 000045**

Cooley, Jr. ("Cooley") intervened in the First-Filed Lawsuit and claims that he is lawful owner of Alan's Corvette.

3. On January 29, 2020, Radenne filed the Second Lawsuit against Alan, Edward Sevadjian ("Edward"), and Duntov Motor Company, LLC ("Duntov," and collectively with Alan and Edward, "Defendants") for fraudulently "selling" him a 1968 Corvette with a meaningfully different VIN, knowingly performing approximately $100,000 of pre-paid modifications while misrepresenting the ability to deliver the car described in the bill of sale, and fraudulently misrepresenting their ownership of Alan's Corvette because, *inter alia*, Alan's Corvette is a stolen car.

4. Later-filed cases that are related to previously filed cases should be transferred to the original court of jurisdiction to promote judicial efficiency:

> Whenever any pending case is so related to another case previously filed in or disposed of by another Court of Dallas County having subject matter jurisdiction that a transfer of the later case to such other Court would facilitate orderly and efficient disposition of the litigation, ***the Judge of the Court in which the earlier case is or was pending*** may, upon notice to all affected parties and Courts, transfer the later case to such Court.

L. R. 1.06 (emphasis added).

5. Moreover, Local Rule 1.07 enumerates categories of cases that "shall be subject to transfer under Local Rule 1.06." As is relevant here, "[a]ny case arising out of the same transaction or occurrence as an earlier case" is subject to transfer. L. R. 1.07.

6. The transaction or occurrence that is common to the two lawsuits is the theft of Cooley's Corvette and his ownership claim to the Alan's Corvette. The cases are so related "that a transfer of the [Second Lawsuit] would facilitate orderly and efficient disposition of the litigation…." *See* L. R. 1.06.

7. Thus, the Second Lawsuit should be transferred to the 14th Judicial District Court.

**Duntov 000046**

**B. Consolidation With The First-Filed Case.**

8.      Matters which involve a common question of law or fact pending before a Court are subject to consolidation. TEX. R. CIV. P. 174(a). The Court "may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay." *Id.*

9.      Consolidation will avoid unnecessary costs or delay in several ways. Defendants seek a stay of the Second Lawsuit during the pendency of the First-Filed Lawsuit which is unnecessary delay. Attached as **Exhibit A** is Defendants' Motion to Stay filed in the Second Lawsuit. The discovery related to ownership of Alan's Corvette and Cooley's claims is relevant in both cases. It will no longer be necessary to conduct duplicative discovery for admissibility purposes in two separate lawsuits. And, Cooley's claim will likely be summarily determined, which should lead to the summary determination of Radenne's claims.

10.      Pursuant to Local Rule 1.04, Radenne ask this Court to consolidate the two cases.

11.      Radenne has provided notice of this request to the 162nd Judicial District Court and the parties in both cases.

**C.  Partial Opposition To Motion.**

12.      Defendants oppose transfer and consolidation. However, Defendants assert in their recently filed Motion to Stay in the Second Lawsuit that along with the First-Filed Lawsuit, both involve "the same issues" and are "two [law]suits attempting to address the same issue at the same time…." *See* Ex. A, ¶ 11.

13.      Cooley does not oppose transfer and consolidation.

**Duntov 000047**

## II.
## PRAYER AND CONCLUSION

WHEREFORE, Franck Radenne respectfully requests that the 14th Judicial District Court grant this Motion, transfer *Franck Radenne v. Duntov Motor Company, LLC et al.*, Cause No. DC-20-01648, pending in the 162nd Judicial District Court of Dallas County, Texas to the 14th Judicial District Court, consolidate the transferred case with the above-captioned matter, and grant such other and further relief to which Radenne may be entitled at law or in equity.

Dated: April 8, 2020

Respectfully submitted,

*/s/ Darla J. Gabbitas*

Darla J. Gabbitas
Texas State Bar No. 24089458
darla.gabbitas@wickphillips.com
Daniella G. Heringer
State Bar No. 24103460
daniella.heringer@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 100
Dallas, Texas 75204
214-692-6200
214-692-6255 (fax)

**ATTORNEYS FOR FRANCK RADENNE**

Duntov 000048

## CERTIFICATE OF CONFERENCE

Counsel for movant and counsel for Alan Sevadjian, Edward Sevadjian and Duntov Motor Company, LLC have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented and those parties are opposed to transfer and consolidation.

Counsel for movant and counsel for John Franklin Cooley, Jr. have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and counsel for Mr. Cooley agrees this Motion should be granted.

Certified on April 8, 2020.

*/s/ Darla J. Gabbitas*
Darla J. Gabbitas


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on April 8, 2020 and:

Hon. Marcella Moore
Judge,162nd Judicial District Court
Via ECF filing: *Franck Radenne v. Duntov Motor Company, LLC et al.,* Cause No. DC-20-01648

Alan Sevadjian, Edward Sevadjian and Duntov Motor Company, LLC
Through Matthew Hahn
mhahn@hahnlawfirm.com

*/s/ Darla J. Gabbitas*
Darla J. Gabbitas


**Duntov 000049**

# EXHIBIT A

**Duntov 000050**

Case No. DC-20-01648

| | | |
|---|---|---|
| FRANCK RADENNE, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 162ND JUDICIAL DISTRICT |
| DUNTOV MOTOR COMPANY, LLC, | § | |
| ALAN SEVADJIAN, and | § | |
| EDWARD SEVADJIAN, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' MOTION TO STAY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES DUNTOV MOTOR COMPANY, LLC, ALAN SEVADJIAN, and EDWARD SEVADJIAN, and ask the Court to stay the proceeding pending in this Court because a dispositive issue regarding this dispute is already pending in another forum.

### A. INTRODUCTION

1.      Plaintiff FRANCK RADENNE is a citizen of France. Defendants maintain a place of business in Farmers Branch, Texas and are in the automotive industry specializing in the restoration and modification of Chevrolet Corvettes for professionally sanctioned racing.

2.      Plaintiff filed this suit on January 29, 2020 arising from a Corvette that Defendants modified and sold to Plaintiff. Plaintiff has alleged that the modifications have taken too long and that there is a discrepancy with the vehicle's identification number (VIN).

### B. BACKGROUND FACTS

3.      In or about 2015 Defendants purchased a certain 1968 Corvette (the "Corvette") from an individual residing in Brown County, Texas by the name of Omar Hanna. At the time, the Corvette was represented by Mr. Hanna as being VIN 1946785422741.

4.      The origin of that VIN is as follows: In or about 2012, Mr. Hanna sought to have title issued to the Corvette by obtaining a court order in Brown County, Texas directing the Texas Department of Motor Vehicles (Texas DMV) to issue a title under section 501.0321 of the Texas Transportation Code. The court records seem to indicate that there was some confusion with regard to whether the seventh digit of the VIN was supposed to be a "5" or an "S." The final order reflected the VIN as being 1946785422741, which obviously incorporated a "5" as the seventh digit.

Defendants' Motion to Stay – Page 1

5.      Research has indicated that the seventh character in the VIN indicated the location the vehicle was assembled.  In 1968, Corvettes were all assembled in St. Louis, Missouri, thus the *S* character represented assembly of the Corvette in St. Louis and should be the proper character for an original 1968 Corvette.  In no instance was a "5" an appropriate designation for the seventh digit.

6.      It is important to note that the first seven digits of each VIN are descriptive in nature and indicate body style, place of manufacture, engine size, or other features.  However, the last six (6) digits indicate the sequence in which the Corvettes were manufactured (or serial numbers) thus there should not be any Corvettes that bear the same sequence numbers.  In other words, there is only one Corvette made by Chevrolet in 1968 bearing the last six numbers 422741.

7.      Defendants were unaware of any discrepancy regarding the VIN at the time the Corvette was purchased from Mr. Hanna.  Defendants subsequently conducted research with regard to the above referenced discrepancy which seems to indicate that the "S" in the VIN was mistaken for a "5" by the auto theft investigator utilized during the court proceedings in Brown County, Texas.

8.      In an effort to correct the VIN number issue, Defendants filed a Petition on January 21, 2020 in the 14th Judicial District Court, Dallas County, Texas, (Cause No. DC-20-01121-A) against the Texas DMV seeking an order from that court to direct the Texas DMV to issue title and to correct seventh digit of the VIN from a "5" to an "S."  See attached Petition hereinafter referred to as Exhibit "A" and incorporated by reference.

9.      On March 26, 2020, an Intervenor filed a Petition in that case (Cause No. DC-20-01121-A) claiming superior title to the Corvette as being stolen from him in the early 1980s.  Plaintiff has also now made a claim in this case that the Corvette is neither the 5-VIN nor the S-VIN, but that it is likely a newly asserted VIN described as "194378S422741," which Plaintiff alleges was stolen from the Intervenor.  See attached Intervenor's Petition hereinafter referred to as Exhibit "B and incorporated by reference.

C.  ARGUMENTS & AUTHORITIES

10.      The suit pending in the 14th Judicial District Court, Dallas County, Texas, (Cause No. DC-20-01121-A involves the resolution of a dispute of the VIN for the Corvette sold to Plaintiff.  Moreover, the resolution of the dispositive issue in that court will necessarily impact the proceedings in this case.

11.      This Court should stay this suit because a suit involving the same issues as this suit was filed first in the 14th Judicial District Court.  Additionally, two suits attempting to address the same issue at the same time creates the risk of inconsistent verdicts.

12.      Although the mere pendency of a suit in another state's court involving the same subject matter is not a reason to abate the later-filed state-court suit, a court should grant a

Duntov 000052

motion to stay the later-filed suit when the subject matter of the two suits is interrelated. See *Wyatt v. Shaw Plumbing Co.,* 760 S.W.2d 245, 247 (Tex. 1988), overruled on other grounds, *In re J.B. Hunt Transp., Inc.,* 492 S.W.3d 287 (Tex. 2016); see also *VE Corp. v. Ernst & Young,* 860 S.W.2d 83, 84 (Tex. 1993). But the exact issues and all parties do not need to be included in the first suit as long as the petition in the first suit can be amended to bring in all necessary parties and issues. See *Wyatt* S.W.2d at 247. In the *Wyatt* case, Wyatt (a home builder) filed suit against a plumber in Duval County for claims related to work done to a home Wyatt was building. Thereafter, the plumber filed suit against Wyatt and a representative of Wyatt in Nueces County for claims for the same work done on the same home. The court in that case ruled that it was proper to abate the later filed case in Nueces County until disposition of the Duval County suit.

13.     In this suit, Plaintiff asserts that he was sold a 1968 Corvette bearing the S-VIN, but in actuality the Corvette and title bears the 5-VIN. Plaintiff also has propounded discovery to Defendants regarding this existence of the 37-VIN and whether Defendant knew that a vehicle bearing the 37-VIN was purportedly stolen in or around 1981 – 1982. Meanwhile, Defendants were already in the process of correcting the VIN (from 5-VIN to the S-VIN) in Cause No. DC-20-01121-A, when an intervenor filed a petition asserting superior title that the Corvette originally bared the 37-VIN. Because this new assertion was brought in both suits, the resolution of one would certainly impact the other. For example, if the court in Cause No. DC-20-01121-A were to determine that the car was originally manufactured as the 37-VIN, was stolen, and/or that the intervenor held superior title, then there is a major issue because the remedies and defenses available to the parties would drastically change. On the other hand, if the Corvette is determined to be originally manufactured as the S-VIN (bearing a 67 in place of the 37-VIN), then Intervenor's remedies and potentially Defendants' legal defenses and likely Plaintiff's assertions would drastically change. Thus, the subject matter of the two suits is interrelated.

14.     In further support of Defendants' Motion to Stay this case is the ever possible and extremely concerning risk that the court in Cause No. DC-20-01121-A could rule on dispositive issues that would create an appearance of or definitively contradict a ruling made in this Court.

## D. PENDING DISCOVERY

15.     Currently, a request for inspection of the Corvette is pending for April 22, 2020 commencing at 10:00 a.m. Defendants are still willing to participate in said inspection even if this Court grants the Motion to Stay. Moreover, the offers for Defendants' ALAN SEVADJIAN to be deposed, both individually and as corporate representative of DUNTOV MOTOR COMPANY, LLC, on June 8th, 9th, 10th, 11th, 15th, and 16th may continue if ordered by this Court and/or agreed to by Plaintiff. However, Defendants would ask the Court to order any other actions in this case to be stayed pending resolution of the dispositive issues in Cause No. DC-20-01121-A.

**Duntov 000053**

E. <u>CONCLUSION</u>

16.    Therefore, Defendants ask this Court to grant Defendants' Motion to Stay because the issues and subject matter in both cases are interrelated and resolution of dispositive issues directly impacts this case.

F. <u>REQUEST FOR HEARING</u>

17.    Defendants ask the Court to set this motion for hearing at the earliest practical time.

G. <u>PRAYER</u>

18.    For these reasons, Defendants ask the Court to set this motion for hearing and, after the hearing grant Defendants' motion.

Respectfully Submitted,

HAHN LAW FIRM, P.C.

/s/ Matthew S. Hahn
Derrick J. Hahn
State Bar No. 24026920
dhahn@hahnlawfirm.com
Corey R. Herrick
State Bar No. 24059940
crherrick@hahnlawfirm.com
Matthew S. Hahn
State Bar No. 24104522
mhahn@hahnlawfirm.com
900 Jackson Street; Suite 180
Dallas, TX  75202
(214) 744-3200
(214) 744-3202 fax

ATTORNEYS FOR DEFENDANTS

<u>CERTIFICATE OF CONFERENCE</u>

I certify that a reasonable effort was made to resolve the dispute without the necessity of court intervention, and the effort failed.

I certify that counsel for movant and counsel for respondent have personally conducted a conference at which there was a substantive discussion of every item presented to the Court in this motion and despite best efforts the counsel have not been able to resolve those matters presented.

DATED this 2nd day of April, 2020

/s/ Matthew S. Hahn_____
Matthew S. Hahn

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing has, on this 2nd day of April, 2020, been served in accordance with Rule 21a via electronic service to the following:

Email address:  Darla.gabbitas@wickphillips.com

Darla J. Gabbitas
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 100
Dallas, TX  75204

Tel. (214) 692-6200
Fax. (214) 692-6255

*ATTORNEY FOR PLAINTIFF*

/s/ Matthew S. Hahn_____
Attorney for Defendants

**Duntov 000055**

VERIFICATION

STATE OF TEXAS                    )
                                  )
COUNTY OF DALLAS                  )


    Before me, the undersigned Notary Public, on this day personally appeared Matthew S. Hahn, who, after being duly sworn, stated under oath that Matthew S. Hahn is the attorney for Defendants Duntov Motor Company, LLC, Alan Sevadjian, and Edward Sevadjian.

    I have read the above motion; and that every statement contained therein is within my personal knowledge and is true and correct.

Matthew S. Hahn


    SUBSCRIBED AND SWORN TO BEFORE ME on this 2nd day of April, 2020.

CHRISTOPHER J. HAHN
Notary Public, State of Texas
Comm. Expires 06-26-2022
Notary ID 125764494

Notary Public in and for the State of Texas

**Duntov 000056**

FILED
DALLAS COUNTY
1/21/2020 3:47 PM
FELICIA PITRE
DISTRICT CLERK

Christi Underwood

Case No. DC-20-01121
_____

| | | |
|---|---|---|
| ALAN SEVADJIAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| MOTOR VEHICLES, | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

ALAN SEVADJIAN, Plaintiff, files this Original Petition requesting the Court order TEXAS DEPARTMENT OF MOTOR VEHICLES, Defendant, to issue a Certificate of Title and a corrected Vehicle Identification Number (VIN) on a 1968 Corvette to Plaintiff and for cause of action shows:

### DISCOVERY LEVEL

1.      Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### PARTIES

2.      Plaintiff is an individual residing in Dallas County, Texas. Identification verification details are as follows: Drivers License: xxxxx730 and Social Security Number: xxx-xx-x076.

3.      Defendant, TEXAS DEPARTMENT OF MOTOR VEHICLES (hereinafter referred to as "TxDMV") is a public agency and may be served with informal process by serving its representative, Mr. Rob Blech, Associate General Counsel, Office of General Counsel, 4000 Jackson Avenue, Austin, Texas 78731.

### VENUE

4.      Venue is proper in Dallas County, Texas, as all or part of Plaintiff's cause of action arose here and the vehicle subject of this suit is located in Dallas County.

### JURISDICTION

5.      Plaintiff seeks damages above the jurisdictional minimum of this Court.

Plaintiff's Original Petition - Page 1

**Duntov 000057**

Exhibit "A"

<u>DAMAGES</u>

6.      Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief. TRCP 47(c)(2).

<u>FACTS</u>

7.      Chevrolet manufactures Corvette vehicles.

8.      All Chevrolet Corvettes manufactured in St. Louis, Missouri, prior to 1981 are assigned an "S" as the seventh character of their VIN.

9.      In or about 1968, Chevrolet manufactured and assembled a Corvette Vehicle, model number 19467, in St. Louis, Missouri. Said Vehicle was originally assigned VIN 194678S422741 (see Build Sticker attached as Exhibit "A" and incorporated by reference).

10.      Omer J. Hanna owned the above referenced 1968 Corvette originally bearing VIN 194678S422741 (hereinafter referred to as the "Vehicle").

11.      This action involves the incorrect assignment of VIN 1946785422741 to the above referenced Vehicle, originally manufactured as and assigned VIN 194678S422741, in Case No. 8466 in the County Court of Brown County, Texas.

12.      In or about May 21, 2012, Omer J. Hanna (hereinafter referred to as "Hanna") filed an original petition in Brown County Court seeking an order from the court to issue a certificate of title in his name and to have a VIN assigned for the Vehicle (see Petition attached hereto as Exhibit "B" and incorporated by reference).

13.      In Hanna's original petition, he requested that the VIN reflect the seventh character as a "5" instead of the correct character of "S."

14.      Thus, when the Brown County Court issued its order in case number 8466, the order reflected the VIN that was incorrectly listed in Hanna's petition (see Corrected Order attached hereto as Exhibit "C" and incorporated by reference).

15.      Subsequently, Defendant issued title bearing VIN 1946785422741 to Hanna (see Title attached hereto as Exhibit "D" and incorporated by reference).

16.      Plaintiff, in this matter, purchased the Vehicle in or about May 9, 2018. Plaintiff seeks to correct the VIN on the Vehicle to correctly reflect the VIN it was assigned when it was originally manufactured.

**Duntov 000058**

## DECLATORY RELIEF

17.     Plaintiff seeks a declaration of the Court that title of the Vehicle is vested in Plaintiff and that the current and incorrectly assigned VIN be reassigned from VIN 1946785422741 to VIN 194678S422741.

## PRAYER

18.     WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial the Court declare that title of the Vehicle is vested in Plaintiff and that the current and incorrectly assigned VIN be reassigned from VIN 1946785422741 to VIN 194678S422741.

Respectfully Submitted,

HAHN LAW FIRM, P.C.

/s/ Matthew S. Hahn
Derrick J. Hahn
dhahn@hahnlawfirm.com
State Bar No. 24026920
Corey R. Herrick
crherrick@hahnlawfirm.com
State Bar No. 24059940
Matthew S. Hahn
mhahn@hahnlawfirm.com
State Bar No. 24104522
900 Jackson Street; Suite 180
Dallas, TX  75202
(214) 744-3200
(214) 744-3202 fax

ATTORNEYS FOR PLAINTIFF

**Duntov 000059**

# BUILD STICKER

**Delivered To:**

**Make: CHEVROLET**

| | |
|---|---|
| **Vehicle Identification Number** 194678S422741 | **Final Assembly Point** ST. LOUIS, MISSOURI |

| Suggested Retail Price of this Vehicle: | | |
|---|---|---|
| **Model:** 19467 1968 CORVETTE CONVERT | 4320 | 00 |

**Suggested Retail Price for Options and Accessories installed on this Vehicle:**

| | | | |
|---|---|---|---|
| G81 | POSITRACT AXLE | 46 | 35 |
| L68 | 400HP TURBO-JET V8 | 305 | 50 |
| M20 | 4-SPD TRANSMISSION | 184 | 35 |
| N11 | OFFROAD SER EXHAUST | 36 | 90 |
| PT7 | F70X15X2 PLY W STRP | 31 | 30 |
| U69 | AM/FM RADIO | 172 | 75 |
| 401 | BLACK VINYL TRIM | | 00 |
| 900 | TUXEDO BLACK | | 00 |

| Factory Installed Options and Accessories | Subtotal | 777 | 15 |
|---|---|---|---|
| **Destination Charge** | | 500 | 00 |
| **Total Amount** | $ | 5597 | 15 |

In no way should this document be considered authentic or original documentation for any vehicle. Duntov 000060 & Manufacturer's options are original published retail prices at the time of manufacture.

Exhibit "A"

Cause No. _8466_

OMer J. HAWNA                                    IN THE COUNTY COURT

VS.                                             OF

TEXAS DEPARTMENT OF TRANSPORTATION              BROWN COUNTY, TEXAS

### PLAINTIFF'S ORIGINAL PETITION

Comes now, _O.J. HAWNA_ Plaintiff), filing this original petition requesting the Court order the Defendant to Issue a Vehicle Identification Number (VIN) and Certificate of Title to the Plaintiff on a vehicle _1968 CORVETTE_, VIN #: _1946 785 422 741_ and for cause of action would show:

1.      Plaintiff is an individual residing in Brown County, Texas.

2.      The Defendant is a public agency and may be served with informal process by serving their representative, **Jennifer Soldano, Texas Department of Motor Vehicles, Attn: Legal Department, 4000 Jackson Avenue, Austin Texas 78731.**

3.      This action involves the refusal of the Department to Issue a Certificate of Title for a motor vehicle one (1) _1968 CORVETTE_, VIN# _1946785 422 741_ lawfully purchased by the Plaintiff.

**Supporting documentation is attached to this Petition.**

It is further ORDERED, ADJUDGED, and DECREED that all cost of Court are to be borne by the party incurring same and that all relief prayed for by any party but not herein expressly given is denied.

SIGNED AND ENTERED this the _21_ day of _MAX_, 2012.

_J. Hanna_

FILED FOR RECORD
TIME: _10:05 AM_

MAY 2 1 2012

DEPUTY _Bernol_
BROWN COUNTY CLERK



True and correct copy of original filed in the Brown County Clerk's Office
Duntov 000061
pg. _2_ of _77_

Exhibit "B"

No. 8466

IN RE:                                    IN THE COUNTY COURT

1968 CORVETTE                             OF

VIN# 1946785422741                        BROWN COUNTY, TEXAS

### CORRECTED ORDER

On this the 29th day of June, 2012, appeared Omer J. Hanna, Plaintiff, in the above entitled and number cause, and announced ready for trial. It appearing to the Court that Notice has properly been served, and an answer having been filed by the Texas Department of Motor Vehicles and no answers or responses having been filed by any other person, and the Court having heard the testimony and evidence and argument of the Plaintiff, is of the opinion that:

Title to the 1968 Chevrolet Corvette, including the vehicle frame with the VIN# 1946785422741, is vested in Omer J. Hanna;

The vehicle identification number has been removed from the body of the 1968 Chevrolet Corvette (the vehicle that is the subject of this Order);

Good cause exists to assign the VIN# 1946785422741 (of the 1968 Chevrolet Corvette frame) to the 1968 Chevrolet Corvette.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that:

The title to the 1968 Chevrolet Corvette including the 1968 Chevrolet Corvette frame, VIN# 1946785422741, is truly and properly vested in the Plaintiff, Omer J. Hanna;

And the Court directs The Texas Department of Motor Vehicles to issue a title to said 1968 Chevrolet Corvette to Omer J. Hanna, and to reassign as the VIN for said vehicle the existing VIN 1946785422741 (currently on the frame of said vehicle).

True and correct
copy of original
filed in the Brown
County Clerks Office

FILED FOR RECORD
TIME: 3:35 PM

JUN 2 9 2012

DEPUTY _Bernd_
BROWN COUNTY CLERK

**Duntov 000062**

Exhibit "C"

Costs of Court are assessed against the parties incurring same. All relief not expressly granted herein us denied.

This Order is made and entered on this the 29th day of June, 2012, effective the 5th day of June, 2012 for the purpose of correcting scrivener's errors in the original Order and for the further purpose of including the necessary findings and directives for the issuance of a vehicle identification number to the subject vehicle.

*C Ray Wed*
JUDGE PRESIDING

FILED FOR RECORD
TIME: 3:35 pm

JUN 2 9 2012

DEPUTY *Bernal*
BROWN COUNTY CLERK

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF BROWN

The above and foregoing is a full, true and correct photographic copy of the original record now in my lawful custody and possession, as the same is filed/recorded in the public records of my office.

P9 2of 2

I hereby certified on 21st Feb. 2019

SHARON FERGUSON, COUNTY CLERK
BROWN COUNTY, TEXAS

BY *Yolanda Bernal* DEPUTY
*Yolando Bernal*

**Duntov 000063**

2

# TEXAS CERTIFICATE OF TITLE

TEXAS DEPARTMENT OF MOTOR VEHICLES

**1 20 6 7 1 3 9 1**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1946785422741 | 1968 | CHEV | 2D |

| | | | TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|---|---|---|
| | | | 02500042045132119 | 02/19/2015 |

| MODEL | MFG CAPACITY IN TONS | WEIGHT | LICENSE NUMBER |
|---|---|---|---|
| | | 2800 | TONLY02 |

PREVIOUS OWNER

**MARLIN R SCOTT**

ODOMETER READING: **EXEMPT**

OWNER

**OMER J HANNA
198 STARR LANE
BROWNWOOD, TX 76801**

REMARK(S)

X _____

SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

| DATE OF LIEN | 1ST LIENHOLDER | 1ST LIEN RELEASED 5-9-18 |
|---|---|---|
| 01/21/2015 | TEXAS BANK PO BOX 1429 400 FISK AVENUE BROWNWOOD, TX 76804-1429 | DATE BY _____ V.P. AUTHORIZED AGENT |

| DATE OF LIEN | 2ND LIENHOLDER | 2ND LIEN RELEASED |
|---|---|---|
| | | DATE BY _____ AUTHORIZED AGENT |

| DATE OF LIEN | 3RD LIENHOLDER | 3RD LIEN RELEASED |
|---|---|---|
| | | DATE BY _____ AUTHORIZED AGENT |

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

**RIGHTS OF SURVIVORSHIP AGREEMENT**
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

| SIGNATURE | DATE |
|---|---|
| SIGNATURE | DATE |
| SIGNATURE | DATE |

FORM 30-C REV. 04/2012     DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.

Duntov 000064

Exhibit "D"

FILED
3/26/2020 4:06 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

NO. DC-20-01121-A

| | | |
|---|---|---|
| ALAN SEVADJIAN, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| MOTOR VEHICLES, | § | 14TH JUDICIAL DISTRICT |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| JOHN FRANKLIN COOLEY, JR., | § | |
| | § | |
| Intervenor. | § | DALLAS COUNTY, TEXAS |

## INTERVENOR JOHN FRANKLIN COOLEY, JR.'S
## ORIGINAL PETITION IN INTERVENTION AND
## REQUESTS FOR DISCLOSURES

JOHN FRANKLIN COOLEY, JR. ("Cooley" or "Intervenor"), Intervenor in the above-styled and numbered cause, files this his Original Petition in Intervention and Requests for Disclosures, complaining of Plaintiff ALAN SEVADJIAN ("Sevadjian" or "Plaintiff"), and in support thereof would show the Court as follows:

**I.**

**DISCOVERY CONTROL PLAN; RULE 47 DISCLOSURE STATEMENT**

1.      Intervenor intends that this proceeding be conducted under Level 2 as set forth in TEX.R.CIV.P. 190.3.

2.        In accordance with TEX.R.CIV.P. 47, Plaintiff states that the claims asserted herein seek monetary relief of $100,000.00 or less.

Exhibit "B"

## II.
### PARTIES, VENUE, AND JURISDICTION

3.      Intervenor John Franklin Cooley, Jr. is an individual who resides in Biglerville, Pennsylvania.

4.      Plaintiff Alan Sevadjian is an individual represented to reside in Dallas County, Texas. Sevadjian commenced and, therefore, has appeared in this suit.

5.      Defendant Texas Department of Motor Vehicles ("TXDMV" or "Defendant") is a public agency of the State of Texas and has appeared and answered herein.

6.      Cooley does not contest Dallas County as the proper venue for this dispute. The subject matter and amount in controversy are within jurisdictional limits of this Court.

## III.
### FACTS RELEVANT TO ALL COUNTS

7.      In 1975 Cooley purchased a 1968 Chevrolet Corvette coupe bearing Vehicle Identification Number ("VIN") 194378S422741 (the "Corvette") from Whipp's Garage in Clarksburg, Maryland ("Whipp's").  At the time he originally purchased the Corvette, he resided in Clarksburg, Maryland with his then wife. Whipp's had repaired damage to the front end of the Corvett and painted it 1975 Corvette Blue, which damage and repairs Whipp's disclosed to Cooley. Whipp's transferred a clear Maryland Certificate of title to Cooley and his wife at that time.

8.      During the time Cooley owned and was in possession of the Corvette, the VIN was always affixed on the windshield pillar post, reflecting the number 194378S422741, which matched the Certificate of Title that Whipp's transferred to Cooley.

9.      During some time in 1979 or 1980, the Corvette was involved in a vehicle collision in Gaithersburg, Maryland, following which the Corvette could not be driven. Cooley stored the undrivable Corvette beside a barn at a farm in Derwood, Maryland with permission from the landowner.

10.     During that time, Cooley obtained a divorce from his then wife, and the Corvette was transferred to him as his sole and separate property. On July 13, 1981, Maryland issued Title # 09939517 to him in his sole name.

11.     After obtaining parts to repair the Corvette, in late 1981 or 1982, Cooley returned to the farm to retrieve the Corvette, but found it missing. Cooley noted heavy truck, dual-tire tracks leading from where the Corvette was stored out across a cut corn field, followed the tracks across the field and to a road, but lost the tracks there. The landowner reported that he had not moved the Corvette and did not know that it had been stolen.

12.     Cooley thereafter heard nothing about the stolen Corvette until recently learning it had been located in Texas with the VIN altered.

13.     Cooley is the legal owner of the Corvette and seeks to regain possession by this intervention.

14.     Cooley has been required to engage counsel to represent him in his efforts to prosecute his claims herein.

**IV.**

**DETERMINATION OF SUPERIOR TITLE**
**TO STOLEN PROPERTY**

15.     Cooley incorporates by reference the foregoing Sections I through III as if fully set

forth in this Section IV.

16.     TEX. CODE OF CRIM. PRO. ART. 47.01a (emphasis added) provides, in relevant part,

that:

> (a)     If a criminal action relating to allegedly stolen property is not pending, ***a district judge***, county court judge, statutory county court judge, or justice of the peace having jurisdiction as a magistrate in the county in which the property is held or in which the property was alleged to have been stolen or a municipal judge having jurisdiction as a magistrate in the municipality in which the property is being held or in which the property was alleged to have been stolen ***may hold a hearing to determine the right to possession of the property, upon the petition of an interested person***, a county, a city, or the state. Jurisdiction under this article is based solely on jurisdiction as a criminal magistrate under this code and not jurisdiction as a civil court. The court shall:
>
> > (1) order the property delivered to whoever has the superior right to possession, without conditions . . .

17.     To Cooley's understanding and belief, there is no criminal action pending relating to

the theft of the Corvette. Accordingly, this Court has jurisdiction under TEX. CODE OF CRIM. PRO.

ART. 47.01a.

18.     Cooley is the interested party with superior right to the Corvette. Accordingly, Cooley

requests that this Court conduct a hearing and determine that he has the right to immediate and

superior possession of the Corvette.

## V.
### DECLARATORY JUDGMENT

19.     Cooley incorporates by reference the foregoing Sections I through IV as if fully set forth in this Section V.

20.     Pursuant to TEX. CIV. PRAC. & REM. CODE ANN. chap. 37, Cooley seeks a judgment of this Court declaring and adjudicating that Cooley is the rightful owner of the Corvette, with superior right to possession of same and to the exclusion of Sevadjian and all others, and the Sevadjian be ordered to immediately release possession of the Corvette to Cooley.

21.      In addition, pursuant to TEX. CIV. PRAC. & REM. CODE ANN. §37.009, Cooley requests that this Court award him reasonable and necessary attorneys' fees and costs of court incurred in the preparation and prosecution of this Declaratory Judgment action.

## VI.
### REQUESTS FOR DISCLOSURES

22.     Cooley requests that both Plaintiff Sevadjian and Defendant TXDMV provide within thirty (30) days after service of this Petition in Intervention the information and materials described in and required under TEX.R.CIV.P. 194.2.

WHEREFORE, Intervenor John Franklin Cooley, Jr. prays that the Court grant him the relief requested herein, including a determination that he has superior and sole possessory rights to the Corvette as requested herein, pre- and post-judgment interest on any amounts awarded herein as damages at the highest rates allowed by law, reasonable and necessary attorneys' fees, costs of court, and for such other and further relief in law or in equity for which he may show himself justly entitled.

Respectfully submitted,

Anthony A. Petrocchi
Texas Bar No. 15851700
tpetrocchi@petrocchilaw.net
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas 75287
(214) 797-2049 (office)
(214) 594-8205 (fax)

ATTORNEYS FOR INTERVENOR
JOHN FRANKLIN COOLEY, JR.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Petition in Intervention has been served upon counsel for Plaintiff, Matthew S. Hahn (mhahn@hahnlawfirm.com), Hahn Law Firm, P.C., 900 Jackson Street, Suite 180, Dallas, Texas 75202, and counsel for Defendant, Mayson Pearson (mayson.pearson@txdmv.gov), Office of General Counsel, Texas Department of Motor Vehicles, 4000 Jackson Avenue, Austin, Texas 78731, by electronic service on the 26th day of March, 2020.

tp\cooley\txdmv\petition-intervention