Case 21-04030-mxm Doc 4-17 Filed 05/18/21    Entered 05/18/21 14:31:02    Page 1 of 7

FILED
6/1/2020 9:29 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Dorothy Strogen DEPUTY

Case No. DC-20-01121

| | | |
|---|---|---|
| ALAN SEVADJIAN,<br>    Plaintiff, | § § § | IN THE DISTRICT COURT |
| v. | § § | |
| TEXAS DEPARTMENT OF<br>MOTOR VEHICLES,<br>    Defendant, | § § § § | |
| v. | § § | |
| JOHN FRANKLIN COOLEY, JR.<br>    Intervenor, | § § § | 14TH JUDICIAL DISTRICT |
| *CONSOLIDATED WITH* | § § | |
| FRANCK RADENNE,<br>    Plaintiff, | § § § | |
| v. | § § | |
| DUNTOV MOTOR COMPANY, LLC,<br>ALAN SEVADJIAN, and<br>EDWARD SEVADJIAN,<br>    Defendants. | § § § § | DALLAS COUNTY, TEXAS |

<u>DEFENDANTS' AMENDED ANSWER & COUNTERCLAIM
AGAINST FRANCK RADENNE</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW DUNTOV MOTOR COMPANY, LLC, ALAN SEVADJIAN, and EDWARD SEVADJIAN, Defendants, and file this Amended Answer to Plaintiff FRANCK RADENNE's Petition, and by way of answer show:

1.    Defendants DUNTOV MOTOR COMPANY, LLC, ALAN SEVADJIAN, and EDWARD SEVADJIAN deny generally each and every allegation contained in Plaintiff's Petition, deny that all conditions precedent to Plaintiff's causes of action have been performed or occurred, and demand strict proof by a preponderance of the credible evidence.

<u>INTRODUCTION</u>

2.    Plaintiff filed suit in the above referenced cause on January 29, 2020 alleging damages resulting from a transaction wherein Defendants sold a 1968 Corvette (hereinafter

referred to as the "Vehicle") to Plaintiff and Defendants agreed to modify the according to Plaintiff's specifications.

3. Plaintiff asserts in his Petition that Defendants defrauded Plaintiff in the above referenced transaction. The result of said transaction allegedly caused Plaintiff damages.

4. Plaintiff alleges, without evidence, that at the time of the transaction, Defendants made negligent misrepresentations, did not take reasonable care or competence in making the alleged misrepresentations, and/or made representations with knowledge they were false to Plaintiff.

5. Plaintiff alleges, without evidence, that Defendants unlawfully stole Plaintiff's funds and that Defendant's had intentional scheme to deprive Plaintiff of his personal property.

6. Plaintiff alleges, without evidence, that Defendants orchestrated a fraudulent scheme by inducing Plaintiff to purchase a 1968 Corvette, made material misrepresentations with the intent that Plaintiff act on them, that were within Defendants' knowledge.

7. Plaintiff alleges, without evidence, that Defendants breached implied and express warranties with respect to the Vehicle, services to the Vehicle, and title to the Vehicle.

8. Plaintiff also alleges, without evidence, that Defendants have breached their contract with Plaintiff by failing to deliver the Vehicle.

9. Plaintiff also alleges, without evidence, that Defendants have violated the Texas Deceptive Trade Practices Act in that Defendants allegedly mislead Plaintiff to believe that Defendants owned the Vehicle, that Plaintiff would be the legal owner of the Vehicle upon payment, and the Vehicle would be modified, registered, and "race-ready."

## AFFIRMATIVE DEFENSES

10. For further answer, if any is necessary, Defendants assert the following affirmative defenses against Plaintiff FRANCK RADENNE.

11. **Corporate Acts.** To the extent Plaintiff alleges wrongdoing by any individual Defendant that is a natural person, said individual Defendants would affirmatively allege that all such acts relevant herein were performed in their capacity with and on behalf of the Defendant entity for which that individual was employed.

12. **Failure to Mitigate Damages.** Without admitting that Plaintiff suffered any damages, Defendants allege that, by the exercise of reasonable care and diligence, Plaintiff could have avoided some or all of his alleged damages. Because Plaintiff ignored the opportunity to mitigate his alleged damages, any award to Plaintiff must be decreased by an amount which would reflect those avoidable damages.

13. **One Satisfaction Rule.**  Defendants affirmatively allege that Plaintiff has suffered only one alleged injury and therefore can recover only one satisfaction for damages arising from that injury.  Plaintiff is thus barred from recovering more than the amount required for full satisfaction of his alleged damages.

14. **Accord and Satisfaction.**  There was an accord and satisfaction between the parties that released Defendants from further liability under the agreement, in that Plaintiff provided Defendant an absolute deadline of mid-February for the Vehicle to leave Defendants' shop which Defendants were prepared to do.

15. **Equitable Estoppel.**  The Plaintiff made a false representation to, or concealed a material fact from, the Defendant, intending that the representation or concealment be acted upon when the Plaintiff knew or had the means of knowing the real facts and the Defendant neither knew nor had the means of knowing the real facts and the Defendant relied on the representation or concealment to his detriment.

16. **Quasi-Estoppel.**  The Plaintiff acquiesced to or accepted a benefit under a transaction, however, Plaintiff's present position is inconsistent with his earlier position when he acquiesced to or accepted the benefit of the transaction and it would be unconscionable to allow the Plaintiff to maintain his present position, which is to another's disadvantage.

17. **Laches.**  Plaintiff's equitable claims should be barred by the doctrine of laches in that Plaintiff's unreasonable delay in bringing the claims caused Defendants' change of position in good faith and to Defendants' detriment thereby impairing Defendants' right to pursue a right or defense.

18. **Unclean Hands.**  Plaintiff has unclean hands and is not entitled to injunctive relief.  Plaintiff is not entitled to damages demanded in the Petition, in that Plaintiff has come to court with unclean hands.  Specifically, Plaintiff did not fully pay for the materials and services he received.  Defendants have been injured by Plaintiff's conduct, in that Defendants have sustained damages.  As a result, Plaintiff's demand for damages should be barred.

19. **Release.**  The Plaintiff's claims are barred under the doctrine of Release in that there was an offer of release and an acceptance thereto accompanied by a meeting of the minds and communication of consent by both parties, and there was execution and delivery of the written agreement with the intent that it become mutual and binding on both parties along with consideration therefore.

20. **Contributory Negligence.**  Without admitting that Plaintiff suffered any damages, because of Plaintiff's own contributory negligence, any award to Plaintiff must be decreased by an amount which would reflect his contributory negligence.

21. **Ratification and Estoppel.**  Plaintiff is barred from recovering damages as alleged due to Plaintiff's express or implied act of ratification of the agreement by acceptance of the benefits thereof with full knowledge of all material facts.

22. **Unavoidable Accident/Act of God.** Pleading further, and in the alternative if necessary, Defendants allege that the alleged loss was a result of an unavoidable accident and/or an act of God.

23. **Statute of frauds.** The contract sought to be enforced is subject to the statute of frauds, however, the contract was not in writing or was not signed by the Defendants.

24. **Fraud.** Defendants are not liable to Plaintiff for the alleged damages because the actions of Plaintiff relative to his claim are based in whole or in part upon the fraudulent actions of Plaintiff.

25. **Mutual Mistake.** Pleading in the alternative, the parties reached an agreement, and to the extent that the contract signed by the parties incorrectly reflects their true agreement because of a mutual mistake in that the vehicle subject of this suit was sold to Defendants and represented to be of a particular vehicle identification number.

26. **Impossibility of Performance.** Pleading in the alternative, Plaintiff's claims are barred to the extent the parties entered into a contract and after the contract was made, Defendants' performance was made impracticable without their fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, their duty to render that performance was discharged, and the language or the circumstances did not indicate to the contrary.

27. **Failure to Perform Conditions Precedent.** Defendants specifically deny any conditions precedent to the contract that Plaintiff claims Defendants did not perform.

28. **Modification.** Defendants assert that the original contract was modified, and Defendants complied with the terms of the modification.

29. **Disclaimer.** Defendants assert that any express warranty has been disclaimed.

30. **Breach of Contract.** Pleading in the alternative, Plaintiff does not have a valid negligent misrepresentation claim to the extent there was an enforceable contract between the parties.

31. **Voluntary Payment.** Plaintiff cannot recover because he has voluntarily paid with full knowledge and without fraud or duress, even if the payment was made on a void demand, a claim without foundation, or another mistake of law.

## COUNTERCLAIM

32. Separately from the foregoing answer, DUNTOV MOTOR COMPANY, LLC, ALAN SEVADJIAN, and EDWARD SEVADJIAN, as Counter-Plaintiffs, complain of Plaintiff FRANCK RADENNE, as Counter-Defendant, and for cause of action allege the following by way of counterclaim against Counter-Defendant.

33. Counter-Plaintiffs reallege the specific averments contained in paragraphs 1 through 31 of this Counterclaim and incorporates same as if fully set forth herein.

## BREACH OF CONTRACT

34. Counter-Plaintiffs were performing under an agreement with Counter-Defendant to prepare the Vehicle to leave Counter-Plaintiffs' shop by mid-February.

35. Counter-Defendant breached the Contract by suing Counter-Plaintiff related to the Vehicle prior to Counter-Defendant's "ultimate deadline."

36. All conditions precedent to Counter-Plaintiffs' performance have occurred.

37. As a result of the breach of contract by Counter-Defendant, Counter-Plaintiffs have suffered damages.

38. Counter-Plaintiffs are entitled to recover reasonable attorney fees or such other sums the evidence shows because this is a claim on an oral or written contract within the meaning of Civil Practice and Remedies Code Section 38.001. Counter-Plaintiffs perfected their right to fees under this statute in that Counter-Plaintiffs agreed and were ready to perform under the agreement Counter-Defendant made with Counter-Plaintiffs. The agreement was made by means of an email sent to Counter-Plaintiffs on or about October 15, 2019.

39. In the event of an appeal to the Court of Appeals and/or a further appeal to the Supreme Court, a further sum would be due to Counter-Plaintiffs as reasonable attorney's fee.

## REQUEST FOR SANCTIONS

40. In light of the Counter-Defendant's lack of knowledge of any facts to support his claims against Counter-Plaintiffs which are a direct result of his failure to properly investigate the claims prior to filing suit against them, Counter-Defendant's pleadings in this case are thus groundless and brought in bad faith for no other purpose than harassment.

41. As a result of Counter-Defendant's actions, Counter-Plaintiffs had to hire an attorney and are entitled to recover the cost of filing this Answer and Counterclaim and reasonable attorney fees.

42. Counter-Defendant's pleadings in this case are groundless and brought in bad faith for no other purpose than harassment. Therefore, Counter-Plaintiffs move for sanctions against Counter-Defendant and its counsel under Texas Rule of Civil Procedure 13.

43. Counter-Plaintiffs further plead that Counter-Defendant's suit is groundless in fact or law, brought in bad faith, and/or brought for the purpose of harassment. Counter-Defendant seeks damages that he is not entitled to and asserts claims against Counter-Plaintiffs without investigating the liability of the party responsible for Counter-Defendant's damages, if any. Therefore, Counter-Plaintiffs seek recovery of their reasonable and necessary attorney fees.

PRAYER

      WHEREFORE, Defendants DUNTOV MOTOR COMPANY, LLC, ALAN SEVADJIAN, and EDWARD SEVADJIAN, requests judgment of the Court that Counter-Defendant FRANCK RADENNE take nothing by this suit, and that Counter-Plaintiffs recover the following:

    i.      Sanctions;

    ii.     Reasonable attorney's fees;

    iii.    Pre-judgment and post-judgment interest;

    iii.    Costs of court; and

    iv.    Such other and further relief to which Counter-Plaintiff may be justly entitled.

          Respectfully Submitted,

          HAHN LAW FIRM, P.C.

          /s/ Matthew S. Hahn
          Derrick J. Hahn
          State Bar No. 24026920
          dhahn@hahnlawfirm.com
          Corey R. Herrick
          State Bar No. 24059940
          crherrick@hahnlawfirm.com
          Matthew S. Hahn
          State Bar No. 24104522
          mhahn@hahnlawfirm.com
          900 Jackson Street; Suite 180
          Dallas, TX  75202
          (214) 744-3200
          (214) 744-3202 fax

          ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

      I certify that a true copy of the foregoing has, on this 1st day of June 2020, been served on Plaintiff via electronic service to the following:

Email address:  mayson.pearson@txdmv.gov

Mayson Pearson
Texas Department of Motor Vehicles
Associate General Counsel
4000 Jackson Ave.
Austin, TX  78731

Tel. (512) 465-1422

*ATTORNEY FOR DEFENDANT*

Email address:  tpetrocchi@petrocchilaw.net

Anthony A. Petrocchi
ANTHONY A. PETROCCHI, P.C.
5127 Spyglass Drive
Dallas, Texas  75287

Tel. (214) 797-2049
Fax (214) 594-8205

*ATTORNEY FOR INTERVENOR*

Email address:  Darla.gabbitas@wickphillips.com

Darla J. Gabbitas
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 100
Dallas, TX  75204

Tel. (214) 692-6200
Fax (214) 692-6255

*ATTORNEY FOR FRANCKE RADENNE*

                                                    /s/ Matthew S. Hahn
                                                    Matthew S. Hahn

**Duntov 000091**