CAUSE NO. DC-20-01121

| | | |
|---|---|---|
| **ALAN SEVADJIAN,** | § | **14th JUDICIAL DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF MOTOR** | § | |
| **VEHICLES,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| ***CONSOLIDATED WITH*** | § | **OF THE STATE OF TEXAS** |
| | § | |
| **FRANCK RADENNE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **DUNTOV MOTOR COMPANY, LLC,** | § | |
| **ALAN SEVADJIAN, AND EDWARD** | § | |
| **SEVADJIAN,** | § | |
| | § | |
| **Defendants.** | § | **IN DALLAS COUNTY** |

## MOTION TO LIFT ABATEMENT AND SEVER CLAIMS

Plaintiff Franck Radenne ("Franck" or "Plaintiff") files this Motion to Lift Abatement and Sever Claims ("Motion") and, in support thereof, respectfully states as follows:

1.  As relevant to this Motion, on December 7, 2020, this Court granted traditional summary judgment on Plaintiff's following claims: breach of warranty of title; breach of contract; fraudulent misrepresentations; violations of the Deceptive Trade Practices Act ("DTPA"); and alter ego. The Court also granted Judgment against Defendants Alan Sevadjian ("Alan"), Edward Sevadjian ("Edward"), and Duntov Motor Company, LLC ("Duntov," and together with Alan and Edward, "Defendants") for damages of $95,553.92 for the breach of warranty of title, breach of



Duntov 000609

contract, or fraudulent misrepresentation. This Court further granted Judgment against Defendants for the breach of the DTPA in the amount of $286,661.76, representing three times Plaintiff's economic damages. This Court also ordered that Plaintiff is entitled to an award of his reasonable and necessary attorneys' fees and costs in an amount to be determined at trial as the prevailing party on a breach of contract claim, as well as under the DTPA. A true and correct copy of this December 7, 2020 Order is attached hereto as **Exhibit A**.

2.      Following entry of the December 7, 2020 Order, Defendants requested a jury trial ostensibly on the only remaining issue of attorneys' fees.

3.      After counsel advised that the Defendants were insolvent, Radenne filed his Application for Appointment of Receiver (the "Application"), which sought the appointment of a receiver as to all three Defendants. *See* Motion to Appoint Receiver filed on January 19, 2021. The Application came for hearing on February 22, 2021.

4.      On the eve of the hearing, on February 20, 2021, Duntov filed for voluntary chapter 11 bankruptcy (the "Petition") in the U.S. Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court"). A true and correct copy of the Petition is attached hereto as **Exhibit B**. Importantly, only Duntov sought bankruptcy relief; Alan and Edward (collectively, the "Sevadjians") have not filed individual bankruptcy petitions.

5.      Duntov's Petition gave rise to an automatic stay under 11 U.S.C. § 362(a) (the "Automatic Stay"). During the hearing on the Application, Defendants argued that the Automatic Stay applied not only to Duntov but also to non-debtors Alan and Edward, even though only Duntov filed the Petition. Radenne orally requested to sever his claims against the Sevadjians to proceed with the litigation, which was denied as a result of the Automatic Stay. Accordingly, the

**Duntov 000610**

proceedings in this above-captioned matter were abated regarding all three Defendants. *See* Order Abating and Administratively Closing Case, entered on February 26, 2021.

6.      On March 10, 2021, Radenne sought relief from the Bankruptcy Court to, *inter alia*, proceed on his claims against the Sevadjians in this Court via a Motion to Lift Stay.  On April 19, 2021, the Bankruptcy Court entered an order regarding the Motion to Lift Stay (the "Order"). A true and correct copy of the Order is attached hereto as **Exhibit C**.

7.      Among other things, the Order provides, that to the extent necessary, the Automatic Stay is terminated to permit Radenne to proceed on his claims against the Sevadjians "in the State Court Case, including but not limited to the State Court's exercise of its discretion to appoint a receiver over the Sevadjians." *See* Ex. C at 3.

8.      Accordingly, the Automatic Stay does not prevent Radenne from proceeding with his claims against the Sevadjians in this Court.

## I.
## PRAYER

WHEREFORE, Plaintiff respectfully requests that this Court lift the abatement entered on February 26, 2021, sever Radenne's claims against the Sevadjians from those against the bankruptcy debtor Duntov, reset the trial of this matter and grant Plaintiff such other and further relief to which he may be justly entitled at law or in equity.

**Duntov 000611**

Dated: April 20, 2021

Respectfully submitted,

*/s/ Darla J. Gabbitas*

Darla J. Gabbitas
Texas State Bar No. 24089458
darla.gabbitas@wickphillips.com
Daniella G. Heringer
State Bar No. 24103460
daniella.heringer@wickphillips.com

**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
214-692-6200
214-692-6255 (fax)

**ATTORNEYS FOR FRANCK RADENNE**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Mr. Cooley in an effort to resolve the issues contained in this motion without the necessity of Court intervention and opposing counsel has indicated that he does not oppose this motion.  I hereby certify that I have conferred with counsel for respondents in an effort to resolve the issues contained in this motion without the necessity of Court intervention and opposing counsel has indicated that respondents are opposed to this motion.

Certified on April 20, 2021.

*/s/ Darla J. Gabbitas*

Darla J. Gabbitas

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was served on all counsel of record in accordance with the Texas Rules of Civil Procedure on April 20, 2021.

*/s/ Darla J. Gabbitas*

Darla J. Gabbitas

**Duntov 000612**

# EXHIBIT A

**Duntov 000613**

CAUSE NO. DC-20-01121

| | | |
|---|---|---|
| **ALAN SEVADJIAN,** | § | **14TH JUDICIAL DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **TEXAS DEPARTMENT OF** | § | |
| **MOTOR VEHICLES,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | **OF THE STATE OF TEXAS** |
| ***CONSOLIDATED WITH*** | § | |
| | § | |
| **FRANCK RADENNE,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DUNTOV MOTOR COMPANY, LLC,** | § | |
| **ALAN SEVADJIAN, AND EDWARD** | § | |
| **SEVADJIAN,** | § | |
| **Defendants.** | § | **IN DALLAS COUNTY** |

## ORDER GRANTING PLAINTIFF'S TRADITIONAL AND NO EVIDENCE PARTIAL MOTION FOR SUMMARY JUDGMENT

On this day, the Court considered Plaintiff's Traditional and No Evidence Partial Motion for Summary Judgment (the "Motion"). After considering the Motion, the response, admissible evidence and argument of counsel, if any, the Court finds that the Motion should be GRANTED in its entirety. Accordingly, it is

ORDERED that as a matter of law, Plaintiff established that there is no genuine issue of material fact and Plaintiff is entitled to Judgment on his claim of breach of warranty of title;

IT IS FURTHER ORDERED that as a matter of law, Plaintiff established that there is no genuine issue of material fact and Plaintiff is entitled to Judgment on his claim of breach of contract;

IT IS FURTHER ORDERED that as a matter of law, Plaintiff established that there is no genuine issue of material fact and Plaintiff is entitled to Judgment on his claim that Duntov Motor Company, LLC ("Duntov"), Alan Sevadjian ("Alan") and Edward Sevadjian ("Edward," and together with Duntov and Alan, "Defendants") made fraudulent misrepresentations to Plaintiff that induced the transaction before the Court;

IT IS FURTHER ORDERED that Plaintiff is entitled to Judgment against Defendants for damages of $95,553.92 for the breach of the warranty of title, the breach of contract or the fraudulent misrepresentation;

IT IS FURTHER ORDERED that Plaintiff is entitled to an award of his reasonable and necessary attorneys' fees and costs in an amount to be determined at trial as the prevailing party on a breach of contract claim;

IT IS FURTHER ORDERED that as a matter of law, Plaintiff established that there is no genuine issue of material fact and Plaintiff is entitled to Judgment on his claim that Defendants employed deceptive trade practices in the transaction before the Court;

IT IS FURTHER ORDERED that Plaintiff is entitled to Judgment against Defendants for the breach of deceptive trade practices statute in the amount of $286,661.76 (three times his economic damages), an award for his mental and emotion damages and his attorneys' fees each in an amount to be determined at trial;

IT IS FURTHER ORDERED that as a matter of law, Plaintiff established that there is no genuine issue of material fact and Plaintiff is entitled to Judgment on his claim that Alan and Edward are the alter egos of Duntov and any judgment is entered against all three jointly and severally;

IT IS FURTHER ORDERED that Plaintiff's no evidence summary judgment on Defendants' counterclaim for breach of contract is granted and the claim is dismissed;

IT IS FURTHER ORDERED that Plaintiff is entitled to his reasonable and necessary attorneys' fees to be determined at trial as the prevailing party on the breach on contract claim;

IT IS FURTHER ORDERED that Plaintiff's no evidence summary judgment on Defendants' claim regarding a violation of Texas Rule of Civil Procedure 13 is granted and the claim is dismissed; and

IT IS FURTHER ORDERED that Plaintiff's no evidence summary judgment on Defendants' affirmative defenses of failure to mitigate, equitable estoppel or quasi-estoppel, laches, unclean hands, release, contributory negligence, ratification, unavoidable accident/act of God, statute of frauds, fraud, mutual mistake, impossibility of performance, modification, disclaimer of the warranty of title, voluntary payment, statute of limitations is **GRANTED.**

SIGNED this 7 day of December , 2020.

_____
PRESIDING JUDGE

# EXHIBIT B

**Duntov 000617**

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
**NORTHERN DISTRICT OF TEXAS**

Case number (if known): _____   Chapter __11__

☐ Check if this is an
   amended filing

<u>Official Form 201</u>

## Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and
the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Duntov Motor Company LLC** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer** | 5  1  –  0  5  5  4  7  2  1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal |
|---|---|
| **13906-C Denton Drive**<br>Number   Street | Number   Street |
| | P.O. Box |
| **Farmers Branch**   **TX**   **75234**<br>City   State   ZIP Code | City   State   ZIP Code |
| **Dallas**<br>County | **Location of principal assets, if different from principal place of business** |
| | Number   Street |
| | City   State   ZIP Code |

5. **Debtor's website (URL)** _____

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:_____

**Duntov 000618**

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 1

Debtor **Duntov Motor Company LLC** _____ Case number (if known)_____

| 7. | Describe debtor's business | *A. Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☑ None of the above

*B. Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

*C.* NAICS (North American Industry Classification System) 4-digit code that best describes debtor.  See http://www.uscourts.gov/four-digit-national-association-naics-codes

<u>3</u>   <u>3</u>   <u>6</u>   <u>3</u>

| 8. | Under which chapter of the Bankruptcy Code is the debtor filing? | *Check one:* |
|---|---|---|

A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101 (51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most

☑ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, AND IT CHOOSES TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11.  If this sub-box is selected, attach the most recent balance

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the Attachment to Voluntary Petition for Non-

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934

☐ Chapter 12

**Duntov 000619**

Debtor **Duntov Motor Company LLC**                                    Case number (if known)_____

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☑ No

☐ Yes. District _____    When _____    Case number _____
                                                     MM / DD / YYYY

If more than 2 cases, attach a

District _____    When _____    Case number _____
                                            MM / DD / YYYY

District _____    When _____    Case number _____
                                            MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☑ No

☐ Yes. Debtor _____    Relationship_____

List all cases. If more than 1,

District _____    When _____
                                            MM / DD / YYYY

Case number, if known_____

Debtor _____    Relationship_____

District _____    When _____
                                            MM / DD / YYYY

Case number, if known_____

**11.** **Why is the case filed in *this district?***

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180
days immediately preceding the date of this petition or for a longer part of such 180 days

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?_____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without
attention (for example, livestock, seasonal goods, meat, dairy, produce, or

☐ Other _____

**Where is the property?**

_____
Number        Street

_____

_____
City                    State    ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name    _____

Phone    _____

**Duntov 000620**

Debtor **Duntov Motor Company LLC** _____ Case number (if known)_____

| | **Statistical and adminstrative information** |
|---|---|

**13.** Debtor's estimation of available funds

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14.** Estimated number of creditors

| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15.** Estimated assets

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☑ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16.** Estimated liabilities

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☑ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to

**17.** Declaration and signature of authorized representative

■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in

■ I have been authorized to file this petition on behalf of the debtor.

■ I have examined the information in this petition and have a reasonable belief that the information is

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **02/20/2021**_____
MM / DD / YYYY

X **/s/ Edward Sevadjian**_____
Signature of authorized representative of debtor
**Edward Sevadjian**_____
Printed name
**Managing Member**_____
Title

**Duntov 000621**

Debtor **Duntov Motor Company LLC**                    Case number (if known)_____

| | | | |
|---|---|---|---|
| **18.** | **Signature of attorney** | **X** /s/ Hudson M. Jobe | Date **02/20/2021** |
| | | Signature of attorney for debtor | MM / DD / YYYY |

**Hudson M. Jobe**
Printed name

**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
Firm name

**2001 Bryan Street, Suite 1800**
Number        Street

**Dallas**                                        **TX**        **75201**
City                                              State        ZIP Code

**(214) 871-2100**
Contact phone                                     Email address

**24041189**
Bar number                                        State

**Duntov 000622**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE:   **Duntov Motor Company LLC**

CASE NO

CHAPTER   **11**

## VERIFICATION OF CREDITOR MATRIX

    The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  2/20/2021 _____

Signature  **/s/ Edward Sevadjian** _____
                 *Edward Sevadjian*
                 *Managing Member*

Date _____

Signature _____

**Duntov 000623**

Franck Radenne
c/o Darla J. Gabbitas
Wick Phillips Gould & Martin LP
3131 McKinney Ave., Suite 100

Hahn Law Firm, PC
c/o Derrick J. Hahn
900 Jackson St. , Suite 1800
Dallas, TX 75202

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346


John Franklin Cooley, Jr.
c/o Anthony A. Petrocchi, PC
5127 Spyglass Dr.
Dallas, TX 75287

U.S. Attorney
Office of the U.S. Attorney
34d Floor, 1100 Commerce St.
Dallas, TX 75242

U.S. Trustee
1100 Commerce Street, Rm 9C60
Dallas, TX 75242


UPS Capital Business Credit
c/o Michael Menton
3333 Lee Parkway
Eighth Floor

**Duntov 000624**

# EXHIBIT C

**Duntov 000625**



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed April 19, 2021**

*Mark X. Mullin*

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-40348-mxm-11** |
| **DUNTOV MOTOR COMPANY LLC,** | § | |
| | § | **Chapter 11** |
| DEBTOR. | § | |

## ORDER REGARDING
## FRANCK RADENNE'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW THE STATE COURT TO LIQUIDATE ATTORNEYS' FEES AWARD OR, ALTERNATIVELY, TO ALLOW REMOVAL OF STATE LAWSUIT TO BANKRUPTCY COURT

**CAME FOR CONSIDERATION** on the *Motion for Relief from the Automatic Stay to Allow the State Court to Liquidate Attorneys' Fees Award or, Alternatively, to Allow Removal of State Lawsuit to Bankruptcy Court* (ECF No. 41, the "Motion") filed by Franck Radenne ("Radenne"). The Motion requests this Court (the "Bankruptcy Court") to terminate the automatic stay, to the extent necessary, to allow Radenne to (1) proceed on his state law claims against Duntov Motor Company, LLC ("Debtor"), Alan Sevadjian ("Alan") and Edward Sevadjian ("Edward," and together with Alan, the "Sevadjians") in *Alan Sevadjian v. Texas Department of*

*Motor Vehicles*, consolidated with *Franck Radenne v. Duntov Motor Company et al.,* Cause No. DC-20-01121 (the "State Court Case") by permitting the 14th Judicial District Court of the State of Texas in Dallas County (the "State Court") to liquidate the attorneys' fees award against Debtor and the Sevadjians, or (2) remove the State Court Case to the Bankruptcy Court. Based upon the pleadings, prior record in this case, evidence, and arguments of counsel, the Bankruptcy Court finds and concludes that: (a) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); (b) the Bankruptcy Court has constitutional authority to enter a final order regarding this matter; (c) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (d) there is basis for the relief requested under sections 105(a) and 362(d) of title 11 of the United States Code and the Local Bankruptcy Rules for the Northern District of Texas; (e) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (f) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Bankruptcy Court in connection with the Motion.

The Bankruptcy Court finds and concludes that termination of the automatic stay is not required to allow for liquidation of the claims against the Sevadjians because, except for certain claims that are derivative of the Debtor's rights, such as alter ego claims, and claims that seek to obtain possession of or from or exercise control over property of the Debtor's bankruptcy estate (collectively, the "Stayed Claims"), the automatic stay imposed by 11 U.S.C. § 362(a) (the "Automatic Stay") does not stay legal actions against the Sevadjians. The Bankruptcy Court further finds and concludes that the Automatic Stay does not prohibit Radenne's removal of the State Court Case to the Bankruptcy Court. Accordingly, Radenne does not require relief from the Automatic Stay to: (a) proceed against the Sevadjians in State Court as requested in the Motion (provided that Radenne does not pursue the Stayed Claims); or (b) remove the State Court Action

to this Court. The Bankruptcy Court finds and concludes that sufficient cause exists to terminate the Automatic Stay to the extent necessary to allow the foregoing to proceed, and hereby terminates the Automatic Stay to the extent necessary to permit Radenne to proceed on his claims in the State Court Case, other than the Stayed Claims.

As to the Debtor, the Bankruptcy Court finds and concludes that cause does not exist at this time to terminate the Automatic Stay as to the Debtor and any claims against the Debtor, including the Stayed Claims. Accordingly, the Court will grant in part, and deny in part, the relief requested in the Motion.

IT IS THEREFORE ORDERED that to the extent necessary, the Automatic Stay is terminated to permit Franck Radenne to proceed on his claims, other than the Stayed Claims, against the Sevadjians in the State Court Case, including but not limited to the State Court's exercise of its discretion to appoint a receiver over the Sevadjians. IT IS FURTHER

ORDERED that to the extent necessary, the Automatic Stay is hereby modified to permit Radenne to remove the State Court Case to this Bankruptcy Court.  IT IS FURTHER

ORDERED that the request to terminate the Automatic Stay to allow for the continuation of the State Court Case against the Debtor is denied without prejudice to the renewal of the Motion at any time, and the Motion shall be reset and heard simultaneously with any hearing on confirmation of a chapter 11 plan in this Bankruptcy Case.  IT IS FURTHER

ORDERED that to the extent this order is an order granting the Motion, the stay provided by Bankruptcy Rule 4001(a)(3) is waived and this order is effective immediately upon entry.

**# # # END OF ORDER # # #**

PREPARED AND SUBMITTED BY:

*/s/ Scott D. Lawrence*
Jason M. Rudd, Tex. Bar No. 24028786
Darla J. Gabbitas, Tex. Bar No. 24089458
Scott D. Lawrence, Tex. Bar No. 24087896
Daniella G. Heringer, Tex. Bar No. 24103460
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile:  (214) 692-6255
jason.rudd@wickphillips.com
darla.gabbitas@wickphillips.com
scott.lawrence@wickphillips.com
daniella.heringer@wickphillips.com

**COUNSEL FOR FRANCK RADENNE**


AGREED AS TO FORM ONLY:

*/s/ Hudson M. Jobe (with permission)*
Hudson M. Jobe
State Bar No. 24041189
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: hjobe@qslwm.com

Attorneys for Debtor