Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
Braxton B. Markle
Texas State Bar No. 24126022
Curtis | Castillo PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile:  214.752.0709
Email: mcastillo@curtislaw.net
       rrowe@curtislaw.net
       bmarkle@curtislaw.net
Counsel for Plaintiff Franck Radenne

## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DUNTOV MOTOR COMPANY, LLC, | § | CASE NO. 21-40348-mxm-11 |
| | § | (Chapter 11) |
| DEBTOR. | § | |
| | § | |
| ALAN SEVADJIAN, | § | |
|     Plaintiff, | § | |
| v. | § | ADVERSARY NO. 21-04030-mxm |
| TEXAS DEPARTMENT OF | § | |
| MOTOR VEHICLES | § | |
|     Defendant, | § | |
| v. | § | |
| JOHN FRANKLIN COOLEY, JR. | § | |
|     Intervenor | § | |
| | § | |
| *CONSOLIDATED WITH* | § | |
| FRANCK RADENNE, | § | |
|     Plaintiff | § | |
| v. | § | |
| DUNTOV MOTOR COMPANY, LLC | § | |
| ALAN SEVADJIAN, and | § | |
| EDWARD SEVADJIAN, | § | |
| Defendants. | § | |

## PLAINTIFF FRANCK RADENNE'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff Franck Radenne ("Radenne") files this Response to Defendant Duntov Motor

Company's ("Defendant") Motion for Leave to File Amended Complaint [Docket No. 34] ("Motion for Leave"), and would show the Court as follows:

## SUMMARY

Defendant's Motion for Leave does not meet the standard set by the United States Supreme Court in *Foman v. Davis*[1] for allowing a party to amend their complaint. Defendant seeks to delay this suit by adding a party who, as of yet, has not asserted any claims or interests regarding the alleged 1968 Corvette (the "Corvette") at issue in this adversary proceeding. However, Defendant has known about the existence of this party for the entirety of this adversary proceeding, and only now seeks to bring them into this adversary proceeding. Furthermore, Defendant seeks to add irrelevant and tangential, and ultimately dilatory claims regarding the prior ownership of the Corvette which will not help this Court determine whether Defendant's conduct was fraudulent, as well as whether Defendant was in breach of contract and warranty. Finally, allowing Defendant to amend would unnecessarily cause delay and undue prejudice to all other parties in this adversary proceeding, in part because of the new discovery that would have to take place should this amendment be allowed.

## ARGUMENTS AND AUTHORITIES

In *Foman*, the United States Supreme Court stated that while leave to amend pleadings should typically be freely given, in certain circumstances "**undue delay**, bad faith or **dilatory motive** on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, **undue prejudice to the opposing party** by virtue of allowance of the amendment, futility of amendment" should result in leave being denied.[2] In this case, allowing Defendant to

---

[1] *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'")
[2] *Foman*, 371 U.S. at 182.

amend the complaint would result in delay and prejudice to the other parties, cause a delay in resolution of this matter, and permit futile arguments to be brought before this Court.

### A. UNDUE DELAY

Defendant filed its Motion for Leave to amend its pleading after nearly 2 years had passed since its Bankruptcy filing. At the time that the Motion for Leave will be heard, over 2 years will have passed since the Bankruptcy filing. There has been ample opportunity for Defendant to ask for amendment of its complaint in that time. Furthermore, Defendant waited 5 months into this adversary before filing this Motion for Leave. Defendant's assertions that the amendments are necessary to administer this asset are belied by the fact that Defendant has waited until now to bring up the issue, and in fact shows the unnecessary nature of the amendments.

### B. DILATORY MOTIVE

Dilatory motive has been found when the moving party "already had ample opportunity to investigate their claims and seek leave to amend,"[3] where the "party's amendment sought to add several new parties and additional counts that could have been raised initially,"[4] and where the motion for leave would fundamentally alter the case after months of litigation.[5]

Each of these instances applies to the situation at hand. Before Defendant filed its Motion for Leave, Defendant had nearly 2 years (22 months) to investigate the "liens, claims, and other interests with regard to the vehicle" from the beginning of the Bankruptcy filing. Furthermore, Defendant had 5 months as well as seek to join UPS to this adversary proceeding before filing its Motion for Leave. Furthermore, Defendant would have known about the importance of these issues from the inception of this adversary proceeding—it is also important to note that there was also a year of litigation and discovery in state court. This was "ample opportunity" for Defendant to have

---

[3] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).
[4] *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980).
[5] *WRR Indus., Inc. v. Prologis*, 2006 U.S. Dist. LEXIS 46210, 2006 WL 1814126, at *5 (N.D.Tex. June 30, 2006).

sought leave to amend. Defendant should have raised them initially or soon after this proceeding began, as it was well aware of the ownership issues regarding the Corvette and UPS's necessity as a party when this suit began.

Additionally, approving the Motion for Leave would fundamentally alter the case after over 9 months of litigation. This adversary proceeding has been about *whether Defendant committed fraud, breach of contract, and breach of warranty* in promising to deliver the 1968 Corvette promised in the Bill of Sale to Radenne. Granting Defendant's Motion for Leave would add the aspect of the *ownership history of the Corvette* to this litigation. Allowing this aspect would fundamentally alter the parties' arguments in this case because the parties have not tendered discovery regarding this issue, briefed this issue, or argued this issue at any phase of this litigation, including at the 14th Judicial District Court of Dallas County.

## C. UNDUE PREJUDICE

Furthermore, allowing these previously unmentioned issues would result in undue prejudice to the other parties in this case. Delay is undue and prejudicial if it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial.[6] This has been found when the amendment was sought after discovery has closed[7] and in situations in which the grant of leave to amend would necessitate additional discovery.[8]

The discovery that took place in the state court litigation closed in early 2021. The parties at that time had had sufficient time to seek discovery, and since that time no substantive discovery has been discussed or called for in this adversary proceeding. However, while discovery in this adversary proceeding has not yet closed, if added UPS would need to investigate its claims or

---

[6] *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015)
[7] *Smith v. EMC Corp.*, 393 F.3d 590, 594-96 (5th Cir. 2004); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.")
[8] *DeMoore v. Int'l Paper Co.*, 1998 U.S. Dist. LEXIS 12072, at *10 (N.D. Tex. 1998)

claims against it, and more importantly discovery will be necessary to investigate the claims regarding the Corvette interests. This would delay the conclusion of this case for irrelevant purposes because, as stated above, this case is *not about the ownership of the Corvette.*

## CONCLUSION

Allowing Defendant to amend its complaint would cause a major disruption to this litigation. Defendant's Motion for Leave is a request to insert ultimately non-dispositive claims and issues into this case regarding the ownership of the Corvette. This would unduly prejudice Radenne, and the other parties in this case because of time and fees that would be necessary to investigate and argue the new and non-dispositive issues. Lastly, as Defendant has known about these issues since the litigation in the state court, they should not have waited until now to raise this issue with the Court.

## PRAYER

PLAINTIFF, Franck Radenne, respectfully asks this Court DENY Defendant's Motion for Leave and award Radenne all other relief as he may be afforded under the law.

Dated: February 18, 2022

Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
 Texas State Bar No. 24027795
Robert C. Rowe
 Texas State Bar No. 24086253
Braxton B. Markle
 Texas State Bar No. 24126022
**CURTIS | CASTILLO PC**
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile:  214.752.0709
Email: mcastillo@curitslaw.net
           rrowe@curtislaw.net
           bmarkle@curtislaw.net

**COUNSEL FOR PLAINTIFF FRANCK RADENNE**

## **CERTIFICATE OF SERVICE**

     I, undersigned, hereby certify that on February 18, 2022, the foregoing document was served via the Court's CM/ECF system upon all parties receiving notice thereby.

*/s/ Ty Lyon*_____
Ty Lyon